UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Yan Rudikh, Esq.
RUDIKH & ASSOCIATES
14 Woodward Drive,
Old Bridge, New Jersey 08857
P-732- 659-6961
Fax-732-520-6422

Order Filed on January 6, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Roger J. Lees and Karen L Lees

| | |
|---|---|
| Case No.: | 21-11502 |
| Hearing Date: | 01/04/23 at 9:00 am |
| Chapter: | 13 |
| Judge: | Christine M. Gravelle |

# ORDER AUTHORIZING
# SALE OF REAL PROPERTY

Recommended Local Form:    ☒ Followed    ☐ Modified

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: January 6, 2023**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as _____67 Salem Hill Rd, Howell NJ 07731_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Edward V. Murachanian, Esq.; Heart of Gold Realty; Crossroads Realty |
| Amount to be paid: | $2,500.00; $10,050.00; $9,750.00; Total of $22,300.00 |
| Services rendered: | Real Estate process of the Property |

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5.  The amount of $ __50,300.00__ claimed as exempt may be paid to the Debtor.

6.  The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7.  A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8.  ☒ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:
```
-Secured creditor Portfolio Servicing, Inc. and PNC Mortgage
will be paid in full at Closing with the proceeds.
1.The proceeds of sale must be used to satisfy the liens in
full. Until such satisfaction the real property is not free
and clear of liens.
2. Any short sale or reduced payoff is conditioned upon the
review and written approval of Secured Creditor.
3. If the property is not sold within 120 days,Secured
Creditor shall be entitled to and permitted to move for
relief from the automatic stay.

-After payment of mortgages Debtors will pay 4% commission
rate,Real Estate fee and professional costs disclosed in the
Notice of Settlement.
Debtors are authorized to receive $50,300.00 from the
proceeds at the closing.
The remaining funds will be held in the Real Estate Attorney
escrow account until the Trustee authorizes release of the
remaining funds.
-After payment of all prior expenses,the proceeds from
debtor's share will pay off the case at 100%.
```

*rev.8/1/15*